**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YELENA LYSYAK,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>                                    Plaintiff,<br><br>                  v.<br><br>HOME ATTENDANT SERVICE OF HYDE<br>PARK, INC. (a/k/a HOME ATTENDANT<br>SERVICES OF HYDE PARK),<br><br>                                    Defendant. | Case No.: 18 Civ. 259<br><br>**CLASS AND COLLECTIVE ACTION**<br>**COMPLAINT**<br><br><br>Jury Trial Demanded |

Plaintiff Yelena Lysyak ("Plaintiff") by her attorneys Wittels Law, P.C., Hymowitz Law Group PLLC, and Kheyfits P.C. brings this action individually and on behalf of a class of persons defined below, against Defendant Home Attendant Service of Hyde Park, Inc. (a/k/a Home Attendant Services of Hyde Park), ("Defendant," "Hyde Park," or the "Company") and alleges the following with knowledge as to her own acts, and upon information and belief as to all other acts:

**SUMMARY OF THIS CLASS AND COLLECTIVE ACTION**
**TO RECOVER FOR DEFENDANT'S MULTIPLE WAGE AND HOUR VIOLATIONS**

1.      This suit seeks to remedy Hyde Park's illegal pay practices.  Defendant is a home health care agency whose workers provide home-based aid to individuals in need of medical or other home care assistance.  Plaintiff and the Class are hard-working home health and personal care aides (collectively, "home care workers") employed by Hyde Park.

2.      Hyde Park is a sizeable home health company, servicing hundreds of individuals with in-home care in the New York City metropolitan area and, on information and belief,

employing over 800 home care workers as of 2015. Hyde Park's success is attributable to the devoted service of its home care workers. Nevertheless, although Plaintiff Ms. Lysyak and other members of the Class typically work more than 40 hours per week to service Hyde Park's clients, Defendant systematically fails to pay its home care workers the overtime compensation they are legally owed.

3.    Defendant's unlawful labor practices undoubtedly benefit its bottom line, but such benefits are in violation of New York State Labor Law ("NYLL" or "N.Y. Labor Law"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and its supporting regulations.

4.    Home care workers perform physically demanding and vitally important work. These workers are crucial for ensuring access to the care that many individuals need to remain healthy and independent, and these workers should be compensated fairly and in accordance with the law.

5.    The home care industry has grown dramatically over the past thirty years as more individuals choose to stay at home rather than seek care in nursing homes. Today, there approximately 2 million home care workers nationwide supporting their clients' independence. Yet despite the industry's growth, home care workers remain among the lowest paid in the service industry. The average wage for a home care worker in the United States—overwhelmingly immigrant women and women of color—is less than $20,000 a year. Further, the lack of basic employment protections, including compliance with state and federal wage and hour laws, results in an approximately 50% turnover rate in the home care industry and leaves those who do stay in the industry unable to take care of their own families.

6.    Plaintiff Ms. Lysyak brings this action on behalf of herself and all similarly situated employees, both as a class action under Rule 23 of the Federal Rules of Civil Procedure,

and as a collective action under the FLSA, 29 U.S.C. § 216(b).

7.    Only by joining together in a class and collective action can the Company's employees remedy Hyde Park's ongoing wrongdoing. Because the monetary damages suffered by each employee are small compared to the much higher cost a single employee would incur in trying to challenge Hyde Park's unlawful pay practices, it makes no financial sense for an individual employee to bring her own lawsuit. Further, many employees don't even realize they are victims of Defendant's wage and hour violations.

8.    With this class action, Plaintiff and the Class seek to level the playing field and ensure that companies like Hyde Park engage in fair and upright business practices. Plaintiff therefore seeks equitable relief in addition to monetary damages. Plaintiff also asks that the Court declare Defendant's wage and hour practices impermissible, enjoin Defendant from continuing is abusive labor practices, require that Defendant return all misappropriated monies, and compensate Plaintiff and the Class for all harms they have suffered as a result of Defendant's unlawful conduct.

## PARTIES

9.    Plaintiff Yelena Lysyak is a New York citizen, and at all times relevant to this action resided in Brooklyn, NY. Plaintiff Lysyak was employed by Hyde Park from 2000 until May 2015. Plaintiff Lysyak's Consent to Join this Collective Action is attached hereto as Exhibit A.

10.    At all relevant times, Plaintiff Lysyak worked as a home care worker in Brooklyn, routinely working more than 40 hours per week.

11.    Defendant Hyde Park is a New York corporation with its headquarters located at 1273 53rd St., Brooklyn, New York 11219. Hyde Park is primarily in the business of placing

home health and personal care aides at the homes of patients with medical and personal care needs.

12.     On information and belief, Defendant Hyde Park claims that it is a non-for-profit corporation.

13.     On information and belief, Defendant Hyde Park elected that Commissioner of Labor's Wage Orders not apply to it by filing with the Commissioner a certification form pursuant to NYLL § 652(3)(b).

14.     A condition for this exemption is Hyde Park's continuing obligation to pay minimum wage to all its employees.

15.     On information and belief, between 1980, when Hyde Park first hired employees, and May 2015, Hyde Park employed home care workers to work 24-hour long shifts.  On information and belief, Hyde Park failed to pay at least the minimum wage to these workers for these shifts.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b) because Plaintiff seeks relief under federal law, specifically the FLSA, 29 U.S.C. § 201 *et seq*.

17.     This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1332 (the "Class Action Fairness Act").  This action meets the prerequisites of the Class Action Fairness Act, because the aggregate claims of the Class exceed the sum or value of $5,000,000, the Class has more than 100 members, and diversity of citizenship exists between at least one member of the Class and Defendant.

18.     This Court also possesses supplemental jurisdiction over Plaintiff's NYLL claims

pursuant to 28 U.S.C. § 1367 because those claims arise out of the same case or controversy.

19.     This Court has personal jurisdiction over Defendant because it is a New York corporation headquartered in New York.

20.     Venue is proper in this district under 28 USC § 1391 because Defendant resides in the Eastern District of New York and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

21.     Upon information and belief, Hyde Park was established in 1979.  On information and belief, the Company's revenues have been well in excess of $500,000 in each year from 2010 to the present.

22.     Hyde Park's employees' work also regularly involves them in interstate commerce.  Yet Hyde Park has committed multiple wage and hour violations, which are detailed in the following paragraphs.

### A.  Failure to Pay Overtime at the Proper Rate

23.     At all applicable times, Plaintiff Lysyak's regular rate of pay was $10.00 per hour.

24.     During her tenure with Hyde Park, Plaintiff Lysyak worked long hours, regularly exceeding 40 hours per week.  Ms. Lysyak's payroll account records confirm the many hours she devoted to Defendant's clients.

25.     During a typical, exemplary week of February 7, 2015 to February 13, 2015, Ms. Lysyak's pay stub demonstrates that she worked 61 hours, yet was underpaid for the 21 overtime hours, receiving from Defendant only $10.00 or $11.10 per hour instead of the $15.00 per hour mandated by state and federal law.

26.     Under the applicable NYLL regulations, 12 NYCRR § 142-2.2, prior to January

1, 2015, to the extent the FLSA overtime exemption applied to Ms. Lysyak, Hyde Park was required to pay her and all other members of the Class at least one and a half times the basic minimum hourly rate for each hour worked in excess of 40 hours per week. From 2010 through February 29, 2012, the overtime rate required by New York law was thus $10.88 (1.5 x $7.25). Beginning on March 1, 2012, New York Wage Parity Law (the "WPL") changed the minimum rate of pay for workers such as Ms. Lysyak and the members of the Class. *See* ¶¶ 39-50 *infra.* Thus, for the period of March 1, 2012 through February 28, 2013, the overtime rate required by New York Law was $13.50 (1.5 x $9.00, the minimum rate under WPL). For the period of March 1, 2013 through February 28, 2014 the overtime rate required by New York Law was $14.25 (1.5 x $9.50, the minimum rate under WPL). For the period of March 1, 2014 through May 2015 (the end of Ms. Lysyak's employment with Hyde Park), the overtime rate required by New York Law was $15.00 (1.5 x $10.00, the minimum rate under WPL)

27.     However, with the exception of enumerated federal holidays, during Plaintiff's tenure, Defendant Hyde Park paid Plaintiff Lysyak for overtime worked at her regular $10.00 or $11.10 rate, thus failing in most instances to pay one and a half times the minimum hourly rate.

28.     Under the applicable FLSA regulations, 29 CFR Part 552, starting on January 1, 2015, Hyde Park was required to pay Ms. Lysyak and all other members of the Class at one and a half times their regular hourly rate (i.e. $15.00 per hour), for each overtime hour worked in excess of 40 hours worked during a week.

29.     From January 1, 2015 until the end of Ms. Lysyak's employment in May 2015, Hyde Park failed to pay an overtime premium of one and a half times the regular hourly rate.

30.     In addition, Hyde Park failed to pay members of the Class the required New York and/or FLSA overtime premium due to a uniform corporate policy of misclassifying certain

hours worked as straight time only.

31.     The overtime violations detailed above are evident from the payroll account records in both Ms. Lysyak's and Defendant Hyde Park's possession.

32.     Defendant's failure to pay Plaintiff the proper overtime compensation required by the FLSA and NYLL was willful.

33.     Defendant's unlawful conduct occurred pursuant to a corporate policy and/or practice of minimizing labor costs by denying Plaintiff and the Class compensation in violation of the FLSA and NYLL.

### B.  **Failure to Pay Wages Promptly**

34.     The FLSA requires that wages be promptly paid and that they not be unreasonably delayed.

35.     Defendant delayed payment longer than is reasonable under the FLSA.

36.     Beginning on approximately August 23, 2014 through the end of Ms. Lysyak's employment with Hyde Park, the Company's uniform payroll practice was to pay its employees like Plaintiff Lysyak every other Friday.  On each payday, Plaintiff was provided with a single paycheck that covered a two-week pay period, but Hyde Park lagged the checks by 7 days, which meant that payment for the first week of the two-week period of work was delayed by 14 days.

37.     Defendant's failure to promptly pay Plaintiff and the Class was willful, unreasonable, and upon information and belief was motivated by illegitimate business purposes, including Hyde Park's desire to hold on to its employee's wages for a longer period of time instead of paying with reasonable promptness.

### C.  **Wage Theft Prevention Act Violations**

38.     Defendant failed to provide Plaintiff and the Class with accurate wage statements,

which is required by NYLL § 195(3).  For example, Ms. Lysyak's wage statements did not

reflect the overtime rate or rates of pay, the number of regular hours worked, and the number of

overtime hours worked, as required.  Moreover, Lysyak's wage statements did not reflect any

Wage Parity Law compensation.

39.     On information and belief, Defendant also failed to furnish Plaintiff and the Class

with an accurate annual wage notice as required by NYLL § 195(1) in 2012, 2013, and 2014.

### D. <u>Failure to Pay Total Compensation Under Wage Parity Law</u>

40.     As part of its effort to improve the quality of care for New Yorkers who receive

home health care services, in 2011 the New York Legislature enacted Public Health Law § 3614-

c, which went into effect as of March 1, 2012.  Commonly known as the Wage Parity Law, the

statute conditions Medicaid reimbursement for home health care services provided in New York

City and the surrounding counties of Westchester, Suffolk, and Nassau upon a home health care

agency's certification that its home care workers are paid a statutorily defined minimum wage.

That wage is determined by reference to New York City's Living Wage Law (*see* Administrative

Code of City of NY § 6-109[b][1][a], [b][3]), which sets a minimum wage and health benefits

supplement rate that must be paid by any City service contractor or subcontractor to its

employees who provide home care services.  By referring to the New York City Living Wage

Law, the Wage Parity Law aims to bring total compensation for Medicaid-reimbursed home care

aides in the metropolitan New York area into line with compensation paid to aides who are under

contract with New York City, thereby furthering the legislative purpose of stabilizing the home

care workforce, reducing turnover, and enhancing recruitment and retention of home care

workers.

41.     The Wage Parity Law applies to entities like Hyde Park that contract with

managed care plans for Medicaid reimbursements.  NYPHL § 3614-c(6).  The Wage Parity Law applies "equally to services provided by home care aides who work on episodes of care as direct employees of certified home health agencies, long term home health care programs, or managed care plans, or as employees of licensed home care services agencies, limited licensed home care services agencies, or under any other arrangement."  NYPHL § 3614-c(4).

42.    Hyde Park has been and continues to be a licensed home care services agency.

43.    Hyde Park has entered into agreements with one or more managed care plans. Under the terms of these agreements, managed care plans reimburse Hyde Park for the services performed by its employees with New York state Medicaid funds.  On information and belief, under the terms of these agreements, Hyde Park was obligated to compensate its home care aides according to the Wage Parity Law.

44.    On information and belief, Hyde Park received reimbursements from managed care plans.  These reimbursements were funded, at least in part, by New York state Medicaid funds.

45.    Plaintiff Lysyak was a home care aide as defined by the Wage Parity Law.

46.    On information and belief, Hyde Park received reimbursements funded by New York state Medicaid funds for Plaintiff Lysyak's services from a managed care plan.

47.    The New York State Department of Health periodically publishes official notices of home care worker wage parity minimum rate of total compensation, which provide the breakdown of total hourly compensation of homecare workers.

48.    For the period of March 1, 2012 through February 28, 2013, the minimum rate of home care workers' total compensation was $9.00 per hour plus $1.35 per hour if medical benefits were not provided by employer.

49.     For the period of March 1, 2013 through February 28, 2014, the minimum rate of home care workers' total compensation was $9.50 per hour plus $1.43 in wages and/or wages and benefits.

50.     For the period of March 1, 2014 through May 2015 (the end of Ms. Lysyak's employment with Hyde Park), the minimum rate home care workers' total compensation was $14.09, consisting of a Base Wage of at least $10.00 per hour, Additional Wages of up to $1.69 per hour, and Supplemental (benefit) Wages of up to $2.40 per hour.

51.     Hyde Park failed to pay Plaintiff Lysyak the minimum rate of total compensation required by the Wage Parity Law.  All of Ms. Lysyak pay stubs show that she was paid only straight time wages of either of $10.00 per hour or ($11.10 per hour for weekends). Accordingly, Hyde Park failed to pay Plaintiff Lysyak and other members of the Class the total minimum compensation required under the Wage Parity Law.

## COLLECTIVE ACTION ALLEGATIONS

52.     Plaintiff brings Counts I and II under the FLSA on behalf of herself and all other similarly situated current and former home health and personal care aides (collectively "home care workers") employed by Defendant at any time within the three years prior to the date of the filing of this action and thereafter (the "FLSA Collective").

53.     At all relevant times, Plaintiff and the FLSA Collective are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff one-and-one-half times their regular rates work in excess of 40 hours per workweek.

54.     Defendant's unlawful conduct, as described in this Class and Collective Action

Complaint, is pursuant to a corporate policy or practice of minimizing labor costs.

55.    Defendant is aware or should have been aware that as of January 1, 2015 federal law requires it to pay home care workers an overtime premium for hours worked in excess of 40 per workweek.

56.    Counts I and II are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

57.    The members of the FLSA Collective are readily ascertainable, can be located through Defendant's records, and would benefit from the issuance of a court supervised notice of this lawsuit and the opportunity to join the lawsuit.

58.    Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

59.    Plaintiff brings Counts III to VII pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a Class of Hyde Park employees preliminarily defined as follows:

> All persons who were employed by Hyde Park as home care workers who, at any time within six years prior to the date of the filing of this action and thereafter, did not receive full compensation for all overtime and straight hours worked.

60.    Excluded from the Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Hyde Park; and the Judge(s) to whom this case is assigned, their judicial staffs, and any member of the Judges' immediate family.

61.    The claims of Plaintiff and the Class may properly be maintained as a class action against Defendant pursuant to the provisions of Federal Rule of Civil Procedure 23.

62.     The size of the Class is more than 100 individuals.  The persons in the Class are so numerous that the joinder of all such persons is impracticable.

63.     Plaintiff is a member of the Class.  Her claims are typical of the claims of the Class and do not conflict with the interests of any other members of the Class.  All members of the Class have been subject to and affected by the same or similar conduct.

64.     Plaintiff will fairly and adequately protect the interests of all Class members because it is in her best interest to vigorously prosecute the claims alleged herein and to obtain full compensation due to her for the illegal conduct of which she complains.  Plaintiff has retained competent and experienced class action attorneys to represent her interests and those of the Class.

65.     Questions of law and fact are common to the Class and predominate over any questions affecting only individual members, and a class action will generate common answers to the questions below, which are apt to drive the resolution of this action:

a.  Whether Defendant failed to pay its employees all overtime compensation earned in violation of N.Y. Labor Law §§ 650 et seq. and 12 N.Y.C.R.R. § 142-2.2;

b.  Whether Defendant failed to furnish the Class with accurate wage statements, as required by NYLL § 195(3);

c.  Whether Defendant failed to furnish the Class with an accurate annual wage notice, as required by NYLL § 195(1);

d.  Whether Defendant failed to pay its employees all Wage Parity Act minimum wages in violation of Public Health Law § 3614-c, and NYLL §§ 198, 663(1);

e.  Whether, and to what extent, equitable relief should be imposed on Defendant to prevent the Company from continuing its unlawful labor policies; and

f.  The extent of class-wide injury and the measure of damages for those injuries.

66.     A class action is superior to all other available methods for resolving this controversy because i) the prosecution of separate actions by Class members will create a risk of

adjudications with respect to individual Class members that will, as a practical matter, be dispositive of the interests of the other Class members not parties to this action, or substantially impair or impede their ability to protect their interests; ii) the prosecution of separate actions by Class members will create a risk of inconsistent or varying adjudications with respect to individual Class members, which will establish incompatible standards for Defendant's conduct; iii) Defendant has acted or refused to act on grounds generally applicable to all Class members; and iv) questions of law and fact common to the Class predominate over any questions affecting only individual Class members.

67.     Accordingly, this action satisfies the requirements set forth under Fed. R. Civ. P. 23(a) and 23(b).

## COUNT I
## (FLSA – UNPAID OVERTIME WAGES)

68.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

69.     At all relevant times, Plaintiff and the FLSA Collective were employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

70.     At all relevant times, Plaintiff and the FLSA Collective were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

71.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, 29 CFR Part 552 effective as of January 1, 2015, apply to Defendant Hyde Park and protect Plaintiff and the FLSA Collective.

72.     The FLSA 29 U.S.C. §§ 206 and 207 mandate that in calculating overtime the employer must utilize the employees' regular rate of pay.

73.     In violation of the FLSA and supporting regulations, Hyde Park has engaged in a

widespread pattern, policy, and practice of failing to pay Plaintiff and the FLSA Collective overtime wages at time-and-a-half their regular rate of pay for all hours that they worked over 40 hours in a workweek.

74.    As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT II
### (FLSA – FAILURE TO PAY WAGES PROMPTLY)

75.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

76.    The FLSA mandates that wages be promptly paid and that they not be unreasonably delayed.

77.    In violation of the FLSA, Hyde Park has engaged in a widespread pattern, policy, and practice of failing to promptly pay Plaintiff and the FLSA Collective.

78.    Defendant's unlawful conduct has been willful and intentional. Defendant was aware or should have been aware that its practices with respect to the compensation of Plaintiff and the FLSA Collective are unlawful. Because Defendant willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

79.    Defendant has not made a good faith effort to comply with the FLSA's prompt payment requirement.

80.    As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and

other compensation pursuant to the FLSA.

**COUNT III**
**(NYLL – UNPAID OVERTIME WAGES)**

81.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

82.     The overtime wage provisions of Article 19 of the N.Y. Labor Law and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

83.     In violation of N.Y. Labor Law applicable regulations Hyde Park has engaged in a widespread pattern and practice of failing to pay its employees overtime compensation.

84.     By Defendant's knowing or intentional failure to pay Plaintiff and the Class the correct overtime rate, Defendant has willfully violated N.Y. Labor Law Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

85.     Due to Defendant's willful violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid overtime wages earned and due during the six years prior to the commencement of this action and thereafter, as well as liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, pursuant to N.Y. Labor Law § 663.

**COUNT IV**
**(NYLL – FAILURE TO PROVIDE ANNUAL WAGE NOTICES)**

86.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

87.     Hyde Park willfully failed to provide Plaintiff and the Class with wage notices, as required by N.Y. Labor Law § 195(1).

88.     Through its knowing or intentional failure to provide Plaintiff and the Class with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§

- 15 -

190, *et seq.*, and the supporting New York State Department of Labor Regulations.

89. Due to Defendant's willful violations of the N.Y. Labor Law, Plaintiff and the Class are entitled to statutory penalties of $50 for each workday that Defendant failed to provide them with wage notices, or up to a total of $5,000, plus reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL § 198(1-b).

## COUNT V
### (NYLL – FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS)

90. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

91. Hyde Park willfully failed to provide Plaintiff and the Class with accurate statements of wages, as required by N.Y. Labor Law § 195(3) by, among others, omitting the work time spent traveling between clients on the same day.

92. Through its knowing or intentional failure to provide Plaintiff and the Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

93. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Class are entitled to statutory penalties of $250 for each workweek that Defendant failed to provide them with accurate wage statements, or a total of up to $5,000, plus reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

## COUNT VI
### (NYLL – FAILURE TO PAY EARED WAGES MANDATED BY
### THE WAGE PARITY LAW)

94. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

95.    New York Labor Law § 190(1) defines "Wages" as "earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis.  The term "wages' also includes benefits or wage supplements as defined in section one hundred ninety-eight-c of this article, except for the purposes of sections one hundred ninety-one and one hundred ninety-two of this article."

96.    New York Labor Law § 198-c(2) further provides; "As used in this section, the term "benefits or wage supplements" includes, but is not limited to, reimbursement for expenses; health, welfare and retirement benefits; and vacation, separation or holiday pay."

97.    Pursuant to New York Labor Law § 198 employers such as the Defendant who fail to pay hourly employees wages in conformance with New York Labor Law shall be liable to the hourly employees for the wages that were not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

98.    The Total Compensation for home care workers as mandated by Wage Parity Law is wages under New York Labor Law.

99.    Depending on the period, Defendant was obligated to pay its home care worker employees the total compensation of, $9.00 plus $1.35 per hour if medical benefits were not provided; $9.50 per hour plus $1.43 in wages and/or wages and benefits; and $14.09 per hour under the Wage Parity Law because it entered into agreements with managed care plans and was receiving reimbursements funded by the New York Medicaid program.

100.    Plaintiff and the Class were entitled to receive the total compensation of as set forth above per hour under the Wage Parity Law.

101.    Defendant never paid Plaintiff and the Class the Total Compensation as required by the Wage Parity Law.

102.    Defendant's failure to pay Plaintiff and the Class the total compensation as required by the Wage Parity Law was without good faith basis to believe that such failure was in compliance with the law.

103.    Due to Defendant's violations of the Wage Parity Law and N.Y. Labor Law, Plaintiff and the Class are entitled to recover from Defendant their wages earned and due during the six years previous to commencing this action and thereafter, as well as liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT VII
## (UNJUST ENRICHMENT – IN THE ALTERNATIVE)

104.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

105.    If Plaintiff's and the Class  New York Labor Law claim for wages required by the Wage Parity Law fails for any reason, Defendant was unjustly enriched by failing to pay Plaintiff and the Class the total compensation required by the Wage Parity Law.

106.    Defendant was enriched by keeping the underpayment, which is the difference between what it should have paid under the Wage Parity Law and what it actually paid to the Plaintiff and the Class.

107.    By keeping the underpayment, Defendant was enriched at Plaintiff's and the Class members' expense.

108.    The circumstances of the enrichment are such that equity and good conscience require restitution to which Plaintiff and the Class are entitled.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yelena Lysyak on her own behalf and on behalf of all other similarly situated persons, seeks the following relief:

A.    Designation of this action as a collective action on behalf of the FLSA Collective members (asserting FLSA claims and NYLL claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state law claims;

B.    Designation of Plaintiff as the Representative of the FLSA Collective;

C.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

D.    An award of damages, according to proof, including liquidated damages, to be paid by Defendant, as authorized by the FLSA;

E.    Certification of this case as a class action pursuant to Rule 23;

F.    Designation of Plaintiff as the Representative of the Class and counsel of record as Class Counsel;

G.    Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under NYLL, Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations;

H.    An award of unpaid Wage Parity pay, overtime pay, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

I.    Statutory penalties of $50 for each workday that Defendant failed to provide the Plaintiff and the Class with a wage notice, or a total of $5,000, as provided for by the NYLL, Article 6 § 198;

J.    Statutory penalties of $250 for each workweek that Defendant failed to provide

Plaintiff and the Class with accurate wage statements, or a total of $5,000, as provided for by the

NYLL, Article 6 § 198;

K.    Pre-judgment interest and post-judgment interest;

L.    Issuance of an injunction requiring Defendant to pay all statutorily required wages

pursuant to the N.Y. Labor Law and an order enjoining Defendant from continuing its unlawful

policies and practices as described herein with respect to the Class and Collective;

M.    Punitive damages;

N.    Penalties, as provided by law;

O.    Reasonable attorneys' fees and costs of the action; and

P.    Such other relief as this Court shall deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Lysyak requests trial

by jury in this action of all issues so triable.


Dated: Armonk, New York
       January 15, 2018

By:    /s/ Steven L. Wittels
       Steven L. Wittels (SW-8110)
       J. Burkett McInturff (JM-4564)
       Tiasha Palikovic (TP-5697)
       WITTELS LAW, P.C.
       18 HALF MILE ROAD
       ARMONK, NEW YORK 10504
       Telephone: (914) 319-9945
       Facsimile: (914) 273-2563
       slw@wittelslaw.com
       jbm@wittelslaw.com
       tpalikovic@wittelslaw.com

       *Lead Counsel for Plaintiff and the Class*

Daniel Hymowitz (DH-0936)
HYMOWITZ LAW GROUP, PLLC
1629 Sheepshead Bay Road
Brooklyn, NY 11235
Telephone: (718) 807-9900
Facsimile: (866) 521-6040
daniel@hymowitzlaw.com

Andrey Belenky (AB-1976)
Dmitry Kheyfits (DK-9799)
KHEYFITS P.C.
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Phone: (212) 203-5399
Facsimile: (212) 203-6445
abelenky@kheyfits.com
dkheyfits@kheyfits.com

*Co-Counsel for Plaintiff and the Class*