# GARFUNKEL WILD, P.C.
ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

SALVATORE PUCCIO
Partner
Licensed in NY
Email: spuccio@garfunkelwild.com
Direct Dial: (516) 393-2583

FILE NO.: 14747.0003

March 29, 2018

**By ECF**

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Lysyak v. Home Attendant Service of Hyde Park, Inc.*
    **Docket No.: 18-CV-259**

Dear Judge Matsumoto:

We write, pursuant to Your Honor's Individual Practices, to request a conference with the Court to discuss the Defendant, Home Attendant Service of Hyde Park, Inc.'s ("Hyde Park") intention to move for dismissal of the Collective and Class Action Complaint in the referenced matter. Plaintiff asserts claims on behalf of herself and an undefined class of alleged similarly situated home health care workers for alleged violations of federal and state wage and hour laws.

**Plaintiff's Claims Under Federal Law Are Time Barred**

Plaintiff's first two counts are predicated upon violations of the Fair Labor Standards Act ("FLSA"). The statute of limitations applicable to a claim under the FLSA is two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years. *See* 29 U.S.C. § 255(a). Here, Plaintiff alleges that her last shift worked occurred in May 2015. *See* Complaint, ¶ 50. Thus, under the two year statute of limitations, Plaintiff was required to file her Complaint no later than May 2017, which she plainly failed to do by filing in January 2018. This issue is ripe for a motion to dismiss because without a willful violation, Plaintiff's FLSA claims are undeniably time-barred.

Plaintiff's threadbare allegations of willfulness are insufficient to provide her with the benefit of FLSA's three-year limitations period. *Perez v. Queens Boro Yang Cleaner, Inc.*, No. 14-CV-7310 (SJ) (JO), 2016 WL 1359218, at *5 (E.D.N.Y. Mar. 17, 2016), report and recommendation adopted sub nom. *Perez v. Yang Cleaners*, No. 14 CV 7310 (SJ) (JO), 2016 WL 1337310 (E.D.N.Y. Apr. 5, 2016). Plaintiff merely recites that, "Defendant's failure to pay Plaintiff the proper overtime compensation required by the FLSA and NYLL was willful."

Hon. Kiyo A. Matsumoto, USDJ
March 29, 2018
Page 2

Complaint, ¶ 32. The definition of "willful" adopted by courts demonstrates that Plaintiff has failed to allege the element of a "willful" violation. "An employer willfully violates the FLSA when it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by [FLSA]." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011). "Mere negligence is insufficient." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir.2009). Moreover, an employer may act unreasonably and yet not recklessly. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 n. 13, 108 S.Ct. 1677 (1988). Where a plaintiff has failed to allege facts sufficient to demonstrate a FLSA willful violation, the two-year statute of limitations applies and, here, would bar Plaintiff's FLSA claims. *See Goodman v. Port Auth. of New York & New Jersey*, No. 10 CIV. 8352 RWS, 2013 WL 5313427, at *5 (S.D.N.Y. Sept. 20, 2013). Under the FLSA scheme, "Congress intended to draw a significant distinction between ordinary violations and willful violations." *McLaughlin*, 486 U.S. 128. An employer's reasonable, good faith belief in the lawfulness of the system it has implemented with respect to payment of overtime will not permit a finding of a willful violation. *Ramos v. Telgian Corp.*, 176 F. Supp. 3d 181, 202 (E.D.N.Y. 2016).

Plaintiff does not allege that Defendant had actual knowledge or recklessly disregarded the FLSA. Rather, the Complaint states in conclusory fashion that Defendant's alleged FLSA violation was willful, but alleges no facts whatsoever in support of this assertion. Such a bald statement is insufficient to state a FLSA cause of action under *Iqbal/Twombly*. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). As alleged, it is undisputed that Hyde Park followed the previously well-established law with respect to overtime pay for home health aides prior to January 2015, based on the Supreme Court's decision in *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158 (2007), and that no FLSA violation occurred. Therefore, Plaintiff's only FLSA claim in this lawsuit relates to post-January 2015 conduct. After the Department of Labor's ("DOL") proposal for new regulations that would end the long-standing exemption held under *Coke, supra*, the DOL stayed enforcement of the regulation for approximately one year after the January 1, 2015 effective date. Further, in 2014, and before either the effective date of the new regulation or its enforcement, a Federal Court (*Home Care Ass'n of AM. v. Weil*, 2014 WL 7272406 (D.D.C. Dec. 22, 2014) declared the newly proposed DOL regulation invalid and "in light of the district court's vacatur of the third-party-employer regulation, appellees could make use of the companionship-services exemption…" *See Home Care Ass'n of America v. Weil*, 799 F.3d 1084 (D.C. Cir. 2015). Hyde Park's reliance on the DOL's mandate not to enforce the challenged regulations and the District Court's invalidation of the new regulations in allegedly not paying overtime to Plaintiff between January 2015 and May 2015 was reasonable, and, therefore, not willful because following the DOL's interpretations and case law was not an intentional violation or a reckless disregard of the FLSA.[1] 29 U.S.C. 259; 29 C.F.R. Part 790.

---

[1] Any reliance by Plaintiff on the line of cases that has held that the effective date of the DOL's new regulation was January 1, 2015 for claims under the FLSA would not affect the willfulness element necessary for Plaintiff here to maintain a three-year limitations period. As the Supreme Court has noted, even if Hyde Park was "unreasonable" in its reliance on the DOL's position of not implementing the regulation and the Federal Court's invalidation of the regulation in December 2014, that conduct was not willful.

**GARFUNKEL WILD, P.C.**

Hon. Kiyo A. Matsumoto, USDJ
March 29, 2018
Page 3

To the extent that Plaintiff's individual claims under FLSA are time barred, Plaintiff's collective claims alleged in Counts I and II are similarly time-barred. *See Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 279 (E.D.N.Y. 2013) (holding that to the extent that the two-year limitations period under FLSA had expired, plaintiff's collective claims were time-barred, but finding timeliness on other grounds.)

**Plaintiff's State Law Causes Of Action Are Similarly Dismissible**

As a threshold matter, once this Court has dismissed all federal causes of action alleged by the Plaintiff herein, it should decline to exercise supplemental jurisdiction over Plaintiff's state law causes of action. *See In re Express Scripts/Anthem ERISA Litig.*, 285 F. Supp. 3d 655 (S.D.N.Y. 2018); *Medford v. Civil Serv. Employees Ass'n, Inc.*, No. 17CV0011JFBSIL, 2017 WL 6016577, at *5 (E.D.N.Y. Dec. 5, 2017).

Plaintiff's state law causes of action (whether individual or collective) are also independently improper as a matter of law. Defendant is exempt from NYLL overtime provisions under NYLL § 652(3), which explicitly relieves a non-profitmaking institution of the requirement to pay overtime under NYLL. Plaintiff acknowledges that Hyde Park is a non-profitmaking institution in its Complaint. *See* Compl., ¶ 12. Defendant Hyde Park will demonstrate in its motion to dismiss that it meets the criteria for this statutory exemption and that it was not required to pay overtime under New York law as a result. *See e.g., Jimenez v. Concepts of Independence, Inc.*, 2018 WL 919983 (Sup Ct., N.Y. County, Feb. 16, 2018); *Torres v. Ridgewood Bushwick Senior Citizens Homecare Council Inc.*, 2009 WL 1086935 (E.D.N.Y. Arpil 22, 2009).

Additionally, class certification of Plaintiff's NYLL class claims would be inappropriate under prevailing law, and the Complaint should be dismissed (or these allegations should be struck from the Complaint) insofar as they seek to assert a class action under state law for the alleged claims. Courts evaluating, for example, whether a plaintiff home health worker has been paid adequate minimum wage under NYLL, have held that class treatment is not possible, because the individual work of each member of the purported class has to be examined on an individual basis. *See e.g., Severin v. Project Ohr, Inc.*, No. 10 CIV. 9696 DLC, 2012 WL 2357410, at *9 (S.D.N.Y. June 20, 2012)[2]. Finally, Plaintiff's unjust enrichment claim must be dismissed. Where a plaintiff has an adequate remedy at law, she cannot recover under a quasi-contract theory. *Strom v. Goldman, Sachs & Co.*, 202 F.3d 138, 144 n.6 (2d Cir. 1999)); *Crigger v. Fahnestock & Co.*, No. 01 Civ. 0781 (JFK), 2003 WL 2217 0607 (S.D.N.Y. Sept. 18, 2003); *Bongat v. Fairview Nursing Care Ctr., Inc.*, 341 F. Supp. 2d 181, 189 (E.D.N.Y. 2004).

Defendant proposes, in accordance with Your Honor's Individual Practices, that it would require 30 days from the date of any scheduled pre-motion conference or order granting Hyde Park leave to file its motion, and would provide opposing counsel with a commensurate amount of time for opposition. Finally, Defendant requests 15 days for reply. While this is a relatively long briefing schedule, the issues presented herein are complex. Accordingly, we respectfully request a pre-motion conference with the Court to discuss further.

---

[2] Plaintiff's proposed collective and class action claims are similarly improper.

**GARFUNKEL WILD, P.C.**

Hon. Kiyo A. Matsumoto, USDJ
March 29, 2018
Page 4

Respectfully submitted,

Salvatore Puccio

cc: All counsel of record by ECF

GARFUNKEL WILD, P.C.

4828980v.3