# GARFUNKEL WILD, P.C.
### ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

SALVATORE PUCCIO
Partner
Licensed in NY
Email: spuccio@garfunkelwild.com
Direct Dial: (516) 393-2538

**FILE NO.:** 14747.0003

June 18, 2018

**By ECF**

The Honorable Dora L. Irizarry
Chief United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    ***Lysyak v. Home Attendant Service of Hyde Park, Inc.***
              **Docket No. 18-CV-259 (KAM)(JO) (the "Lysyak Case")**
              ***Jean v. Home Attendant Service of Hyde Park, Inc.***
              **Docket No. 18-cv-421 (FB)(SJB) (the "Jean Case")**

Dear Judge Irizarry:

    We represent Defendant Home Attendant Services of Hyde Park, Inc. We write in response to Plaintiff's belated request to relate two pending cases, and to correct the record regarding that application.

    Plaintiff Lysyak seeks to relate the two referenced cases so that the Jean Case is transferred to the Honorable Judge Kiyo A. Matsumoto and the Honorable Magistrate Judge James Orenstein. Plaintiff's conclusory claims that the two cases are related fails to recognize that "A civil case shall not be deemed related to another civil case merely because the civil case (A) involves identical legal issues; or (B) involves the same parties." Local Rule 50.3.1(b). Here, the issues presented in the two cases are not identical. Although there is a common party defendant and some of the statutes referenced in each lawsuit are the same, the claims and factual underpinnings of those claims in the two lawsuits are vastly different. Additionally, the discovery procedures being proposed in the Jean Case are vastly different than the overreaching discovery sought in the Lysyak Case. Therefore, relating the two cases would not save judicial resources, but could actually lead to the unnecessary expenditure of such resources.

This Request Is Time-Barred Under Local Rule 50.3.1(d).

    Local Rule 50.3.1(d) states that:

---

> Such an application must be made after the date when at least a majority of the defendants have been served with the complaint, but not more than 30 days after that date unless the judge passing on the application permits a later filing for good cause shown.

Here, Defendants were served with both Complaints in mid-to-late January 2018. Plaintiff Lysyak's application is well beyond the 30 days contemplated in the Local Rules and Plaintiff has not stated why there would be good cause to grant this belated request when it had notice of the existence of the two cases for four months. Counsel for Defendant has appeared in both actions and both actions have proceeded through Initial Conferences and entry of Case Management Orders in each case, including the parties' meet and confer and negotiations on several discovery and other procedural issues involved in the two cases. And, although Plaintiff in the Lysyak Case has been aware of the alleged "related case" for four months at the time of this application, they waited until now to seek this relief. The delay in this filing is telling and amounts to forum shopping after Plaintiff in the Lysyak Case recently received two favorable rulings from the assigned Judges. It was only after these judicial determinations, in Plaintiff's favor, that this request was made.

As a result of Plaintiff Lysyak's delay in filing this application, the two cases have already proceeded down separate tracks. A Case Management Order has been set in each case, with different deadlines, and two cases are at very different stages of litigation. In the Jean Case, the parties are participating in mediation and have narrowed issues for discovery to the most relevant issues. Also, and as discussed below, there is a motion to dismiss or stay the Jean Case based on a mandatory arbitration provision Ms. Jean's CBA with Hyde Park if the matter is not resolved at mediation. In the Lysyak Case, however, the parties are working out discovery issues and briefing Plaintiff Lysyak's motion for conditional certification. In sum, the two cases are in two very different places given the months that have passed since Hyde Park appeared in the two cases in January 2018. Therefore, relating the two cases and trying to catch them up together or putting them on the same track would be challenging at best, if not impossible given the different legal and factual issues outlined below.

The Jean Case Is Barred By A Mandatory Arbitration Provision

As an initial matter, the Jean Case is vastly different from the Lysyak Case because Ms. Jean is unquestionably subject to a collective bargaining agreement (CBA) with Hyde Park that mandates that all disputes between the parties under the FLSA, NYLL, and Wage Theft Prevention Act, etc… are to be heard in arbitration only. That CBA provision also contained a waiver of class actions. While Ms. Lysyak is subject to a CBA with Hyde Park, she may not be subject to an addendum to such agreement that contains the specific waiver and arbitration language.

The parties in the Jean Case are scheduled for a pre-motion conference with Judge Block on June 21, 2018 on Hyde Park's request for leave to file a motion to dismiss or for a stay pursuant to the parties' CBA. If that application is granted, the Jean Case would not be considered "pending" under Local Rule 50.3.1 and could not be deemed a "related case."

**GARFUNKEL WILD, P.C.**

4920785v.2

Accordingly, this functional difference changes the entire landscape of the two actions and undermines Plaintiff's claims that the lawsuits are related and would include the same proposed class members.

The Factual And Legal Differences In the Two Cases

Plaintiff in the Lysyak case is a former employee of Hyde Park who worked "split shifts," meaning that she worked only part of the day. Plaintiff in the Jean case, however, was a "Sleep-In" aide who worked for Hyde Park, meaning that she worked 24-hour shifts. Split shift aides like Ms. Lysyak were treated differently than Sleep-In aides like Ms. Jean. For starters, the plan of care of the patients is different, necessitating different care and different work schedules. These realities are also borne out in the aide's terms of work and agreements in place between the aides and Hyde Park. Therefore, Plaintiff is incorrect to surmise that the two cases arise from the same transactions and events. As such, the underlying factual circumstances of hours worked, schedules, and pay policies and practices, are vastly different between the two types of employees.

The legal claims in the two cases are also different. In the Lysyak Case, Plaintiff is claiming that she was not paid overtime in violation of a change to the well-established "Companionship Exemption." Plaintiff's claims would, therefore, be limited to the time-period in which that exemption status was changed. On the contrary, in the Jean Case, Plaintiff is claiming that she was not paid overtime because she did not receive all of her sleep and rest period without interruption. The analysis of Ms. Jean's claims requires a much more individualized review of the factual circumstances of that case as compared to the claims at issue in the Lysyak case. The Lysyak Case does not involve any of the 24-hour shift analysis or sleep and rest breaks. And, the Jean Case does not involve any of the legal issues related to the Companionship exemption or its change in law and effective date.

Additionally, Sleep-In aides were paid pursuant to Section 142.2.1(b) of the Minimum Wage Order in which they were only entitled to pay for only 13 hours per day if they received all applicable sleep and rest breaks. That is not an issue for the Lysyak Case at all and will be central legal issue litigated in the Jean Case. This functional difference in the two cases is another reason why the proposed classes are entirely different and would not, as Plaintiff summarily claims, include the same class members in both cases. In the Lysyak Case, if any collective or class could exist – which Hyde Park does not concede – it could only be those former health aides: (a) not subject to the CBA[1]; and (b) who work split-shifts like Ms. Lysyak. It would not include Sleep-In aides or any aides who were subject to the CBA. Ms. Jean falls into the latter two categories and, therefore, she is not, nor is any proposed class member, similarly situated to Ms. Lysyak.

---

[1] Hyde Park maintains that any aide subject to the addendum to the parties' CBA that contains the class waiver and mandatory arbitration provision cannot be a class member of the Lysyak Case because their claims are governed by the terms of that CBA and mandate arbitration.

**GARFUNKEL WILD, P.C.**

The Honorable Dora L. Irizarry
June 18, 2018
Page 4

                                      Respectfully submitted,

                                      */s/ Salvatore Puccio*

                                      Salvatore Puccio

cc:     All counsel of record by ECF