# GARFUNKEL WILD, P.C.
### ATTORNEYS AT LAW

**111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021**
**TEL (516) 393-2200 • FAX (516) 466-5964**

www.garfunkelwild.com

SALVATORE PUCCIO
Partner
Licensed in NY
Email: spuccio@garfunkelwild.com
Direct Dial: (516) 393-2583

**FILE NO.:** 14747.0003

August 10, 2018

**By ECF**

The Honorable James Orenstein
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Lysyak v. Home Attendant Service of Hyde Park, Inc.*
    Docket No.: 18-CV-259

Dear Magistrate Judge Orenstein:

We represent Defendant Home Attendant Services of Hyde Park, Inc. in the referenced matter. We write briefly respond to 4 arguments raised by Plaintiff in the parties' joint August 9, 2018 letter filed by Plaintiff last night at 10:16 p.m. Prior to the filing, Plaintiff made revisions to the letter at approximately 9 pm, but Defendant's counsel was unable to respond due to a prior engagement (attending a memorial service), which was explained to Plaintiff's counsel. In order to meet the August 9, 2018 deadline, however, Plaintiff filed the joint statement over our request to wait for our review or to request a brief enlargement until this morning. Accordingly, we briefly respond.

At footnote 10, Plaintiff added that "As any reputable class action claims administrator (experienced direct mail marketer) knows the more the marketing material 'touches' the intended recipient, the more likely the recipient is to respond." Defendant was not aware that the Notice being discussed by the parties was being used for marketing purposes. In fact, Defendant explicitly advised Plaintiff's counsel that Defendant had concerns regarding use of the information for marketing and solicitation purposes. The purpose of the Notice is to accurately provide notice to potential opt-in plaintiffs of the conditionally certified collective approved by the Court, nothing more. *D'Anna v. M/A-Com, Inc., 903 F. Supp. 889, 893-894 (D. Md. 1995)).* ("The courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation… an employer should not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense.")

This gives Defendant serious concerns regarding the motives behind the request for four different methods of distribution, release of telephone numbers, and direction for potential opt-in plaintiffs to call Plaintiff's counsel with questions. Although Defendant had previously

The Honorable James Orenstein
August 10, 2018
Page 2

consented to having opt-in plaintiff contact Plaintiff's counsel with questions, that was based on an understanding that Plaintiff was not using the notice or contact information for marketing purposes. The reference to marketing and fact investigation (page 2 of Plaintiff's position), gives Defendant pause with this agreement and instead would request the claims administrator handle all such inquiries.

Along the same lines, in Plaintiff's Position at page 2 of the August 9th submission, Plaintiff references "further investigation" of the claims. Again, the collective notice approved by the Court is to provide notice of the defined collective, not a fact-finding mission for Plaintiff or their counsel to assert new, unrelated claims. While that may occur naturally in the course of counsel's representation of those individuals that opt-in, this is not Plaintiff's opportunity to market or search for new claims. *See Melendez Cintron v. Hershey Puerto Rico, Inc.*, 363 F. Supp. 2d 10, 17 (D.P.R. 2005) (striking improper opt-in plaintiff solicited without court approval). Although *Melendez*, *supra*, is not directly the same as the procedural posture here, it demonstrates that solicitation of plaintiffs not part of the defined collective is improper.

At footnote 8, Plaintiff mischaracterizes Defendant's position regarding employee use of cell phones. Defendant stated that it had no way of knowing if the contact information it possessed was for cell or land lines. Further, just because the named plaintiff used her cell phone does not mean all employees have or use cell phones. Defendant cannot say one way or another and neither can Plaintiff. Therefore, the best course of distributing the notice remains the mailing.

At footnote 4, Plaintiff also misinterprets Defendant's position regarding inclusion of arbitration language in the headline box. Previously, the parties had a dispute about inclusion of language referencing the arbitration agreement under the heading "Lawsuit." Through compromise the parties agreed to include the language in FAQ No. 2. Defendant's point in the headline box is that only the first sentence is needed because the remaining information sought by Plaintiff is included throughout the notice. In line with the law cited by Defendant, if, however, that headline box references Plaintiff's claims, it must also include a reference to Defendant's defenses, which Defendant maintains is not the purpose of that headline box.

Lastly, Plaintiff's overwhelming reliance on the FJC should not be considered for distribution of the collective notice. The standards for FLSA collective certification and Rule 23 are different and the underlying procedures of both (opt-in v. opt-out) are different. Therefore, Defendant submits that this reliance is not supported.

Respectfully submitted,

*/s/ Salvatore Puccio*

Salvatore Puccio

**GARFUNKEL WILD, P.C.**

4977504v.3

The Honorable James Orenstein
August 10, 2018
Page 3

cc: All counsel of record by ECF

**GARFUNKEL WILD, P.C.**

4977504v.3