# GARFUNKEL WILD, P.C.
ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

SALVATORE PUCCIO
Partner
Licensed in NY
Email: spuccio@garfunkelwild.com
Direct Dial: (516) 393-2583

FILE NO.: 14747.0003

October 24, 2018

**Via ECF**

The Honorable James Orenstein
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***Lysyak v. Home Attendant Service of Hyde Park, Inc.***
**Docket No.: 18-CV-259**

Dear Magistrate Judge Orenstein:

On behalf of Defendant, we respectfully submit this opposition to Plaintiff's application, which impermissibly seeks to compel information concerning litigation hold notices and any and all wage and hour claims that may have been asserted against Defendant.

Discovery is not unfettered. The threshold requirement of discoverability under the Federal Rules is whether the information sought is "relevant to any party's claim or defense." Rule 26(b)(1); *see also In re Fontaine*, 402 F.Supp. 1219, 1221 (S.D.N.Y.1975) (Rule 26 does not allow a party "to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so"). In addition, discovery requests are impermissibly overbroad if they are not specifically tailored to pertinent matters at issue. *Meranus v. Gangel*, No. 85 CIV. 9313(WK), 1991 WL 120484, at *2 (S.D.N.Y. June 26, 1991). Pursuant to this standard, Plaintiff's application should be denied.

Plaintiff's Request For Litigation Hold Recipients
And Dates Is Improper And Serves No Discernible Purpose

Plaintiff seeks to compel a response to her Document Request No. 36, which she has since revised and limited to seek: (1) a list of litigation hold recipients; and (2) the issue dates during "the relevant time period."[1] Litigation hold information is privileged, however, and not discoverable absent a showing that documents which should have been preserved were lost or

---

[1] As an additional basis for denying Plaintiff's request, the time period for her request is impermissibly vague. The parties have disputed what constitutes the "relevant time period." During the parties' meet and confer, Plaintiff, for instance, has asked that Defendant produce documents for some period before the statute of limitations, *i.e.*, January 15, 2011 to the present. Plaintiff fails to specify that period here.

The Honorable James Orenstein
October 24, 2018
Page 2

destroyed. *See Tracy v. NVR, Inc.,* No. 04-CV-6541L, 2012 WL 1067889, at *6 (W.D.N.Y. Mar. 26, 2012) (denying request in an overtime class action case for disclosure of litigation hold notice and list of recipients where movant failed to show that documents that should have been preserved were lost or destroyed.). Plaintiff has not made any such showing here. In fact, Plaintiff ignores the relevant decision within this Circuit and instead focuses on readily distinguishable cases from non-controlling jurisdictions with very different subject matters, *i.e.*, Sherman Act Anti-trust litigation. Those cases are distinguishable. *Tracy, supra,* on the other hand involves the same type of claim and a similar fact in which the movant was seeking a list of recipients of litigation hold notice, but was not claiming any spoliation. In *Tracy,* the Court rejected the movant's request to such information because the movant failed to demonstrate that spoliation occurred. That is instructive here in that Plaintiff is not claiming any spoliation of evidence, yet is seeking information in litigation hold notices that can be obtained from other sources.

Further, Plaintiff puts forth wholly speculative arguments that bear no relation to the facts in the record. In fact, Plaintiff does not provide any basis why "issue dates" are relevant to witness identification. Further, Plaintiff speculates, that Defendant's initial disclosures should have included more than Hyde Park's Executive Director, CFO and Comptroller as witnesses. Thus, she insists, litigation hold information will help identify additional custodians of relevant electronic information. But Plaintiff does not dispute the veracity of Hyde Park's initial disclosures and instead points to Hyde Park's size, claiming (without support) that there should be other witnesses identified because Defendant is a "large company with thousands of employees." DE 44, p. 2. This argument is a classic red herring. Hyde Park may employ many individuals, but the vast supermajority of its employees is home care workers. Such individuals are not involved in the high-level wage and hour decision-making in dispute here. That role is occupied by the people identified in Defendant's initial disclosures, not litigation hold recipients.

A ligation hold's purpose is not to identify witnesses, but to prevent the deletion or manipulation of relevant information. Litigation holds, therefore, are not directed only to potential witnesses, but to anyone who may have access to such information (*e.g.*, IT personnel, if any). In this regard, Plaintiff's discovery request is overbroad, vague, and not reasonably calculated to lead to admissible evidence, in that it is not designed to identify witnesses.

Lastly, Plaintiff's request, even if it could be considered proper, is not geared toward uncovering additional witnesses beyond those already identified by Hyde Park. Instead, it is an impermissible fishing expedition. This is particularly so when compared to the perfectly viable, non-privileged method of obtaining the same information – namely, a review of materials produced in discovery and questioning of the identified witnesses. Indeed, any individuals who had information regarding relevant issues will be identified in email communications or through depositions of Hyde Park's identified witnesses, who are the decision-makers for Defendant. Stated another way, identification of those who received a notice not to destroy potentially relevant documents – where those individuals have no governing authority to bind Defendant – will show nothing.

**GARFUNKEL WILD, P.C.**

5066651v.2

### Plaintiff's Request For Materials Related To Other Potential Claims Is Overbroad and Not Probative of Any Evidentiary Issue

Plaintiff also seeks settlement agreements and non-privileged communications related to <u>all other</u> employees' wage and hour claims because, Plaintiff claims, she needs "evidence of prior violations" of FLSA and NYLL overtime provisions. DE 44, p. 3. The type of information that Plaintiff demands, however, is not reasonably calculated to show "evidence of prior violations." DE 44, p. 3. Claims and settlement agreements are evidence of allegations, not guilt. Moreover, Request Nos. 49 and 50 are not limited to the specific legal issues in dispute and instead demand details of <u>any type of wage and hour claims</u>, regardless of whether they concern overtime issues in this lawsuit. Claims concerning other types of wage and hour issues are not material or necessary to this lawsuit, and therefore are not discoverable.

Plaintiff also already has knowledge of the lawsuits filed against Defendant by former home care workers involving a claim of unpaid overtime -- *Nikolaeva v. Hyde Park*, Docket No. 15-cv-6977 and *Jean v. Hyde Park, Inc.*, Docket No. 18-cv-421, and she is not entitled to further information about these suits to try to show "evidence of prior violations." Indeed, with respect to *Nikolaeva*, Defendant was not on notice of the claim until November 17, 2017, long after Plaintiff was employed at Hyde Park, because the plaintiff mailed the pleadings to the wrong address. As for *Jean*, that lawsuit was filed three days after Plaintiff filed this lawsuit.

In addition, to the extent Plaintiff seeks disclosure of settlement negotiations and agreements, such information is protected by confidentiality agreements. It is well established that "the strong public policy favoring settlement of disputed claims dictates that confidentiality agreements regarding such settlements not be lightly abrogated." *In re New York Cty. Data Entry Worker Prod. Liab. Litig.*, 162 Misc. 2d 263, 269 (Sup. Ct. N.Y. Cty. 1994), aff'd, 222 A.D.2d 381, 635 N.Y.S.2d 641 (1st Dep't 1995); *see King Cty., Wash. v. IKB Deutsche Industriebank AG*, No. 09 CIV. 8387 SAS, 2012 WL 3553775, at *1 (S.D.N.Y. Aug. 17, 2012). Accordingly, where the terms of a settlement agreement have no bearing on the issues in the dispute, as is the case here, the terms and negotiations are not discoverable. *Mahoney v. Turner Constr. Co.*, 61 A.D.3d 101 (1st Dep't 2009).

Plaintiff asserts that she is seeking this information as relevant to the issue of willfulness. The filing dates of the above lawsuits and information publically available on the dockets of those litigations, however, is sufficient to resolve that question. More broadly, the identified issue with respect to willfulness in this case surrounds the change in law in and around 2015. Anything outside of that immediate time-period is completely irrelevant as to Plaintiff's stated purpose. And, sufficient agreed upon discovery requests are already in place to address this issue. What Plaintiff is seeking here goes well beyond what is necessary. The defense as to willfulness revolves around Hyde's Park's reliance on the Department of Labor's guidance on enforcement and case law justifying Hyde Park's position. On this record, Plaintiff's stated purpose for obtaining the information in Request Nos. 49 and 50 bears no relation to the information sought because Hyde Park was not acting in response to any theoretical complaints – and Hyde Park is not herein acknowledging that any actual complaints were before it – when setting its wage and hour policies.

**GARFUNKEL WILD, P.C.**

5066651v.2

The Honorable James Orenstein
October 24, 2018
Page 4

                                                      Respectfully submitted,

                                                      */s/ Salvatore Puccio*

                                                      Salvatore Puccio

cc:    All counsel of record by ECF

GARFUNKEL WILD, P.C.

5066651v.2